## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JEREMY RICARD (#511078)**  CIVIL ACTION NO.

**VERSUS**  20-419-SDD-EWD

**TIM HOOPER, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on December 29, 2021.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEREMY RICARD (#511078)     CIVIL ACTION NO.

VERSUS     20-419-SDD-EWD

TIM HOOPER, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint, as amended, of Jeremy Ricard ("Ricard"), who is representing himself and is incarcerated at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Pursuant to screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is recommended that Ricard's claims in this case be dismissed with prejudice for failure to state a claim upon which relief may be granted.

### I. Background

Ricard filed this suit against against Tim Hooper, Unknown Barries, and Unknown Warden (collectively "Defendants") pursuant to 28 U.S.C. § 1983 alleging that Defendants violated his rights under the Eighth Amendment to the United States Constitution by failing to protect him from attack by two other inmates, Kemond Pierre and Douglas Dorsey, on November 30, 2019.[2] Plaintiff seeks monetary relief.[3]

### II. Law & Analysis

#### A. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action by a prisoner against a governmental entity or an officer or employee of a governmental entity, or

---

[1] R. Docs. 1 & 6.
[2] R. Docs. 1 & 6.
[3] R. Doc. 1, p. 9 and R. Doc. 6, p. 5.

by any other plaintiff who has been granted IFP status, if the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted.[4] The statutes impose similar standards for dismissal and are intended to afford the court the ability to separate those claims that may have merit from those that clearly lack a basis in law or in fact. Dismissal may be made before service of process or before any defendant has answered if the court determines that the claim or action does not pass the screening process.

To determine whether a complaint fails to state a claim under §§ 1915(e) and 1915A, courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] All well-pleaded facts are accepted as true and viewed in the light most favorable to the plaintiff.[8] While the screening process does give the court the rare power to 'pierce the veil' of the factual allegations,[9] pleaded facts that are merely improbable or strange are not frivolous for purposes of screening.[10] A claim is factually frivolous only if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[11] A claim is also subject to dismissal

---

[4] §1915(e) provides for dismissal of lawsuits that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"); §1915A provides for dismissal of lawsuits by prisoners against a governmental entity or employee of a governmental entity that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on August 21, 2020, so both statutes apply. R. Doc. 8.
[5] *Bazrowx v. Scott,* 136 F.3d 1053, 1054 (5th Cir. 1998) (recognizing that the standards for determining whether a complaint fails to state a claim for relief are the same under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A and Fed. R. Civ. P. 12(b)(6).
[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[7] *Id.*
[8] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[9] *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).
[10] *Denton,* 504 U.S. at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[11] *Denton*, 504 U.S. at 33, *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

2

if it has no legal basis, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[12]

### B. Ricard Has Failed to Allege Facts to Support Any Federal Claims Against Defendants

#### 1. All Official Capacity Claims Should Be Dismissed

Ricard sues Defendants in their official and individual capacities.[13] Ricard cannot state a claim for monetary damages against Defendants in their official capacities as a matter of law. 42 U.S.C. § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983.[16] In addition, in *Hafer v. Melo*,[17] the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is, therefore, barred by the Eleventh Amendment.[18] Accordingly, Ricard's §1983 claims against Defendants in their official capacities for monetary damages are subject to dismissal.[14]

#### 2. All Supervisory Liability Claims Should Be Dismissed

Though not explicitly stated by Ricard, it appears Tim Hooper and Warden Barries are named as a result of their supervisory roles,[15] since, based on the facts of the Complaint, these Defendants were not personally involved with the events surrounding the attack on Plaintiff.[16] In

---

[12] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[13] R. Doc. 6, p.1.
[14] *See Landry v. Lollis*, No. 19-520, 2019 WL 5777755, at *2 (M.D. La. Oct. 8, 2019), *report and recommendation adopted*, No. 19-520, 2019 WL 5777388 (M.D. La. Nov. 5, 2019).
[15] Plaintiff names only wardens in his Complaint and one individual who may be a warden or sergeant, but this is unclear from the Complaint, as the unknown individual is listed as "Sgt. Warden." R. Docs. 1, p. 4; 6, p. 4.
[16] The only officers mentioned by Plaintiff as being involved in anything related to the attack are a Colonel Brandy Landy, who apparently observed the attack occur on camera, and Sgt. Warden who opened the door that allowed Pierre and Dosey into the dorm from the recreation yard. R. Docs. 1, p. 7; 6, p. 4.

3

order for a person to be found liable under § 1983 the person must have been personally involved in conduct that deprived the plaintiff of his constitutional rights, or there must be a causal connection between the conduct of that person and the alleged constitutional violation.[17] Plaintiff has made no allegations of personal involvement on the part of these Defendants. Any implied allegation that Defendants are responsible for the actions of their subordinates or co-employees, who are not named, is not sufficient to state a claim under § 1983.[18] Further, if the supervisory official has not personally participated in the alleged constitutional violation, the plaintiff must allege that the deprivation of his constitutional rights occurred either because a subordinate implemented the supervisor's affirmative wrongful policies, or as a result of a breach by the supervisor of an affirmative duty specially imposed upon him by state law.[19] Plaintiff has not stated any alleged wrongful policies, enacted by Hooper or Barries, that would be the moving force behind the constitutional violations about which he complains.[20]

### 3. Ricard Has Failed to State a Claim Against Any Defendant

Broadly interpreting Plaintiff's Complaint because he is representing himself,[21] the facts are not enough to state a claim against any Defendant in his individual capacity, or against any other prison official.

#### a. Failure to Protect

Under the Eighth Amendment to the United States Constitution, a prisoner has a constitutional right to be sheltered from the threat of harm or violence at the hands of other

---

[17] *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).
[18] *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978).
[19] *Lozano*, 718 F.2d 768.
[20] *Landry*, 2019 WL 5777755, at *2 ("[L]iability can be found to exist if a supervisory official implements a policy so deficient that the policy itself may be seen to be a repudiation of constitutional rights and may be seen to be the moving force behind a constitutional violation.")(citation omitted).
[21] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* complaints are to be liberally construed).

inmates.[22] Although prison officials generally "have a duty ... to protect prisoners from violence at the hands of other inmates,"[23] "[p]rison officials are not . . . expected to prevent all inmate-on-inmate violence."[24]

"Deliberate indifference" is the standard applied in evaluating a failure to protect claim. An official acts with deliberate indifference if he is aware of an "excessive risk to inmate ... safety" and disregards that risk.[25] A prison official may be held liable under the Eighth Amendment for acting with deliberate indifference to an inmate's health or safety only if he knows that the inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to avoid it.[26] In other words, for there to be liability in connection with this cause of action, the security officers must want to cause the plaintiff harm or at least show a conscious or callous disregard to the plaintiff's right to be protected from such harm.[27] The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference.[28] Mere negligence or the "failure to alleviate a significant risk that [the official] should have perceived but did not" are insufficient to establish a failure to protect claim.[29] Deliberate indifference requires a level of awareness of a specific risk based upon specific information, such that general knowledge of general dangerousness or the like is also not enough to support a failure to protect claim.[30]

---

[22] *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986).
[23] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).
[24] *Adames v. Perez*, 331 F.3d 508, 512 (5th Cir 2003).
[25] *Id.*
[26] *Id.*.
[27] *Johnston*, 786 F.2d at 1259.
[28] *Farmer*, 511 U.S. at 837.
[29] *Id*. at 838. *See also, Domino v. Texas Dept. of Crim. Jus.*, 239 F.3d 752, 756 (5th Cir. 2001), *citing Farmer*, 511 U.S. at 838.
[30] *Walker v. Davis*, No. 17-166, 2019 WL 2465298, at *8 (E.D. Tex. Jan. 10, 2019). *See also Van Williams v. Samaniego*, No. 05-491, 2007 WL 9701460, at *3 (W.D. Tex. Feb. 22, 2007)(citation omitted) ("General knowledge about another inmate's violent tendencies, without more specific information about the risk, does not rise to the requisite level of awareness necessary for a finding of deliberate indifference.").

5

Assuming the facts alleged by Ricard as true, his only allegation to support a failure to protect claims is that "Sgt. Warden" opened a door that allowed Pierre and Dosey to enter a dorm.[31] From there, Pierre and Dosey entered Plaintiff's tier, attacked him, and then left the tier.[32] Ricard does not allege that any Defendant even knew he was in the open tier at the time the door was opened or that Ricard was susceptible to attack. Further, Ricard has not alleged that any Defendant (or any prison official) was aware of facts to indicate that Pierre and Dosey posed a specific risk to him; for example, Ricard does not allege that he had been involved in a prior altercation with Pierre or Dosey or that these inmates were on Ricard's enemy list. Overall, Ricard has not alleged any facts to indicate that prison officials "consciously disregard[ed] a substantial risk of serious harm;"[33] thus, his failure to protect claim is subject to dismissal.[34]

### b.  Failure to Intervene

To the extent Plaintiff has attempted to allege a failure to intervene on the part of any Defendant, that claim also fails. A prison guard has a duty to intervene and attempt to end an assault on an inmate.[35] However, officials who fail to prevent an injury inflicted by fellow prisoners are only liable if they act with deliberate indifference.[36] When a prison official is *present* at the time of an assault, she is deliberately indifferent to the inmate's safety, unless there is "evidence justifying the correctional officer's failure to intervene, such as when intervention would

---

[31] R. Doc. 6, p. 4.
[32] R. Doc. 6, p. 4.
[33] *Farmer*, 511 U.S. at 826.
[34] Ricard has already filed one amended complaint (R. Doc. 6) and was given an additional opportunity to amend to attempt to state a claim if possible after these deficiencies were pointed out, but Ricard failed to amend his Complaint a second time to state a claim. R. Doc. 10. Because Ricard has already had multiple opportunities to amend, the Court is not required to give him further opportunities to amend, and it is recommended that, if sought, any further leave to amend be denied. *See, e.g.*, *McDowell v. Our Lady of the Lake*, No. 19-569, 2019 WL 4916165 at n. 32 (M.D. La. Sept. 19, 2019); *Jackson v. United States Postal Service*, No. 19-568, 2019 WL 5587227, at n. 34 (M.D. La. Sept. 19, 2019); *Joseph v. People Ready*, No. 17-124, 2018 WL 5818346, *2 (M.D. La. Nov. 7, 2018).
[35] *Weathington v. U.S.*, No. 10-359, 2011 WL 1211509 at * 9 (W.D. La. March 3, 2011).
[36] *Id.*, citing *MacKay v. Farnsworth*, 48 F.3d 491 (10th Cir. 1995).

threaten the health and safety of all concerned (*i.e.*, the guard is alone and unarmed or another guard has been taken hostage)."[37] Ricard has not alleged that any Defendant was present at the time the attack occurred. Accordingly, he has not stated a claim for failure to intervene.[38]

### C. Exercise of Supplemental Jurisdiction Should be Declined

To the extent that Ricard's allegations seek to invoke the supplemental jurisdiction of this Court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[39] In this case, having recommended that Ricard's federal constitutional claims be dismissed, it is further recommended that the Court decline to exercise supplemental jurisdiction over any state law claims.

### RECOMMENDATION

**IT IS RECOMMENDED** that that Plaintiff Jeremy Ricard's federal claims be **DISMISSED, WITH PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e) and 1915A,[40] that the Court decline to exercise supplemental jurisdiction over any state law claims, and that this case be **CLOSED**.

---

[37] *Id*., citing *Williams v. Mueller*, 13 F.3d 1214, 1215-16 (8th Cir. 1994)) and cited cases.

[38] To the extent Ricard alleges that Brandy Landy witnessed the attack on camera, she is not named as a Defendant. Even if Landy was named as a Defendant, she was not *present* at the scene, and no facts indicate she was close enough to have the opportunity to intervene; thus, she cannot be held liable for failure to intervene. *See Drumm v. Valdez*, No. 16-3482, 2019 WL 7494443, at *6 (N.D. Tex. Dec. 3, 2019) (dismissing as frivolous claim that sergeant was liable for failing to intervene because even if the sergeant witnessed the attack live via video surveillance no facts indicated he was close enough to have the opportunity to intervene). Further, no facts indicate Landy had the required state of mind for failure to intervene. Additionally, as noted above, Ricard has been given multiple opportunities to state a claim if possible, but has not done so, such that further leave to amend as to the failure to intervene claim is not warranted.

[39] 28 U.S.C. § 1367.

[40] Jeremy Ricard is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court

As Ricard has already amended his Complaint once, and was given an opportunity to amend again, which he did not take, **IT IS ALSO RECOMMENDED** that further leave to amend be denied, if sought.

Signed in Baton Rouge, Louisiana, on December 29, 2021.

                                              **ERIN WILDER-DOOMES**
                                              **UNITED STATES MAGISTRATE JUDGE**

---

of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Should this report and recommendation be adopted, dismissal of this action will count as a strike.